**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LYNN K. HANSEN-SALAK, Individually and
as Executrix of the Estate of Steven M. Salak, Deceased

                Plaintiff,                5:05-CV-0458
     v.

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA, AMERICAN INTERNATIONAL GROUP, INC.,
THE UNITED STATES LIFE INSURANCE COMPANY IN
THE CITY OF NEW YORK d/b/a THE UNITED STATES LIFE,
THE PATRIOTS' PATH COUNCil, INC., BOY SCOUTS OF
AMERICA, f/k/a WATCHUNG AREA COUNCIl, INC., BOY
SCOUTS OF AMERICA and the HIAWATHA SEAWAY
COUNCIL, INC., BOY SCOUTS OF AMERICA

                Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

GIBSON McASKILL & CROSBY. L.L.P.          Brian P. Crosby, Esq.
*Attorneys for Plaintiff*
69 Delaware Avenue
Suite 900, Chemical Bank Building
Buffalo, NY 14202-3866

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, L.L.P.                Fred N. Knopf, Esq.
*Attorneys for Prudential Insurance Company*
* of America  American International Group, Inc.,*
* and United States Life Insurance Company of the*
* City of New York*
3 Gannett Drive
White Plains, NY 10604-3407

BOND SCHOENECK & KING, P.LL.C.         Paul Battaglia, Esq.
*Attorneys for Patriots' Path Council, Inc.,*
* Boy Scouts of America f/k/a Watchung Area*
* Council, Inc. and and Hiawatha Seaway*
* Council, Inc., Boy Scouts of America*
One Lincoln Center
Syracuse, NY 13202-1355

HON. NORMAN A. MORDUE, Chief United States District Judge:

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

On February 17, 2005, plaintiff commenced the present action against defendants in New York State Supreme Court, County of Onondaga. The complaint asserts claims of negligence and breach of contract against defendants. On April 11, 2005, defendants Prudential Insurance Company of America, American International Group, Inc., and United States Life Insurance Company of the City of New York removed the action to this Court on the basis that it arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. (ERISA). Said defendants now move to dismiss plaintiff's breach of contract claims on the ground that they are preempted by ERISA. Plaintiff opposes defendants' motion.

**II.    FACTUAL BACKGROUND**

Briefly, the complaint alleges that plaintiff's husband died as a result of an accidental drowning in July 2003, and that at the time of his death, he was an employee of Hyundai Motor America. Plaintiff alleges that prior to his death, her husband had obtained, through his employer, two life insurance policies issued by the defendant insurance companies which contained "Employee Accidental Death and Dismemberment Coverage." Plaintiff alleges that she has made claims to the defendant insurance companies as a named beneficiary under both plans and that defendants have refused wrongfully to pay the benefits to which she is entitled.

**III.   DISCUSSION**

A.     <u>Applicable Legal Standard</u>

In addressing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court accepts as true all of the factual allegations in the complaint and draws inferences from those allegations in

the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *McEvoy v. Spencer*, 124 F.3d 92, 95 (2d Cir. 1997). Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

B.   Federal Preemption

Section 514 of ERISA provides that the statute's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan, "in the normal sense of the word, if it has a connection with or reference to such a plan." *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146 (2d Cir. 1989). The preemption clause is not limited to state laws specifically designed to affect employee benefit plans. *See Toussaint v. JJ Weiser & Co.*, No. 200504 Civ. 2592, 2005 WL 356834, at *12 ( S.D.N.Y. Feb 13, 2005) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987)). A state law of general application, with only an indirect effect on an ERISA-governed plan, may nevertheless be considered to "relate to" that plan for preemption purposes. *See Smith v. Dunham-Bush, Inc*., 959 F.2d 6, 9 (2d Cir. 1992). State laws that provide an alternative cause of action to employees to collect benefits protected by ERISA are among those laws that are preempted. *See Borges,* 869 F.2d at 146. ERISA's civil enforcement remedies are intended to be exclusive remedies for enforcing rights in ERISA-governed plans. *See Pilot Life,* 481 U.S. at 52. Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore  pre-empted." *Aetna Health Inc. v. Davila*,

3

542 U.S. 200, 209 (2004); *see also Reichelt v. Emhart Corp.*, 921 F.2d 425, 431 (2d Cir. 1990). Accordingly, ERISA preempts state law causes of action that aim "to recover benefits due to [the plaintiff under the terms of the] plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Lupo v. Human Affairs, Int'l, Inc.*, 28 F.3d 269 272 (2d Cir. 1994).

Plaintiff's state common law breach of contract and breach of fiduciary duty claims seek to recover benefits and to enforce rights under ERISA-governed plans.  ERISA provides a civil enforcement remedy for the conduct upon which plaintiff bases her breach of contract claims. Therefore, her breach of contract claims are preempted under ERISA. *See Davila*, 542 U.S. at 214-15, 124 S.Ct. 2488 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 217 (1985) (holding that where the obligations alleged to have been unmet or violated are contained in the ERISA-regulated benefits plan, state law claims based on such violations are preempted by ERISA)), *see also Cerasoli, v. Xomed*, Inc., 952 F.Supp. 152, 157 (W.D.N.Y. 1997) ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.").  The cases cited by plaintiff in opposition to defendants' motion which held that questions of fact precluded a determination of ERISA preemption on the pleadings are simply inapposite to the case at bar since it is uncontroverted that plaintiff's husband was an employee of Hyundai via which he obtained the two life insurance policies in question.

C.      Remedy

PLaintiff initiated her complaint in state court, where she alleged breach of contract and negligence claims.  Federal courts have disagreed regarding whether a complaint's common law

4

breach of contract claim should be recharacterized as a claim pursuant to ERISA § 502(a)(1)(B) or dismissed without prejudice pursuant to the preemption doctrine. *Harrison v. Metropolitan Life Ins. Co.*, --- F.Supp.2d ----, 2006 WL 521571, at *6 (S.D.N.Y. Feb 28, 2006) (citing *Fanney v. Trigon Ins. Co.*, 11 F.Supp.2d 829, 832 (E.D.Va. 1998) (noting disagreement among courts regarding whether state law claim preempted by ERISA should be recharacterized as a claim pursuant to ERISA § 502(a)(1)(B)). In *Arthurs v. Metropolitan Life Ins. Co.*, 760 F.Supp. 1095, 1098 (S.D.N.Y. 1991), the court concluded that where a complaint characterizes a claim as a common law breach of contract, but sets forth the elements of a claim under ERISA § 502(a)(1), the court's proper course is to recharacterize the claim as a claim under ERISA § 502(a)(1)(B) rather than to dismiss the complaint under the preemption doctrine. "[This] approach is consistent with the Second Circuit's holding that a pleading is sufficient where it sets forth the factual allegations supporting the elements of a claim, even if it fails to identify the specific law under which it brings a claim.*" Harrison,* 2006 WL 521571, at *6 (citing *Marbury Mgmt., Inc. v. Kohn*, 629 F.2d 705, 712 n. 4 (2d Cir. 1980).

> This course of action also promotes the interests of justice and sound judicial administration. In an action commenced in state court grounded primarily on plaintiff's assertion of state law causes of action, it is to be expected that the complaint would frame its claims in terms designed to satisfy the pleading standards of common law causes of action, and therefore without reference to the requirements of ERISA, whether in good faith or deliberately to avert removal to federal court. To dismiss such claims outright would be wasteful and inequitable.

*Id.* Though the Court agrees based thereupon that dismissal is not the proper remedy in this case, plaintiff does not assert that her state law breach of contract claims are sufficient to state claims under § 502 of ERISA. Thus, the Court declines to "deem" these claims as arising under ERISA.

5

Rather, plaintiff will be permitted to replead these claims, if possible, as arising under the civil enforcement provision of ERISA.

V.    **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss plaintiff's state law contract claims is DENIED; and it is further

ORDERED that plaintiff is granted leave to file an amended complaint setting forth civil claims under ERISA; and it is further

ORDERED that plaintiff shall file the amended complaint on or before May 1, 2006.

IT IS SO ORDERED.

Date:  March 31, 2006

Norman A. Mordue
Chief United States District Court Judge